IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DONALD J. LOWE,** *et al.* | * | |
| | * | |
| **Plaintiffs** | | |
| | * | |
| v. | | **CIVIL NO. JKB-14-4024** |
| | * | |
| **FDIC** | | |
| **As Receiver for NBRS Financial,** *et al.* | * | |
| | | |
| **Defendants** | * | |
| | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

This action was brought by Donald J. Lowe ("Mr. Lowe"), Joyce L. Lowe, and Lowe Services, Inc. (collectively, "Plaintiffs") against the Federal Deposit Insurance Corporation ("FDIC"), Howard Bancorp, Inc.,[1] Jennifer Scully, and Stephen Bradley.  Now pending before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 6), filed on March 6, 2015, by Howard Bancorp, Inc., Jennifer Scully, and Stephen Bradley (collectively, "Movants").  The issues have been briefed (ECF Nos. 6-1, 10, and 11), and no hearing is required, Local Rule 105.6 (D. Md. 2014).  For the reasons explained below, the Movants' motion to dismiss will be GRANTED.

### *I. Background[2]*

Lowe Services, Inc. is a company—owned by Mr. Lowe—that operates both an equipment dealership and a commercial maintenance/home improvement business.  (ECF No. 1

---

[1] Defendant Howard Bancorp, Inc. mistakenly appears in the Complaint as "Howard Bankcorp, Inc."
[2] The facts are recited here as alleged by the Plaintiffs, this being a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

¶¶ 2-5.)  In 2004, Plaintiffs began a financial relationship with NBRS Financial Bank ("NBRS"), a regional bank.  (*Id.* ¶¶ 7, 20.)  NBRS extended a line of credit to Plaintiffs and refinanced Plaintiffs' commercial property in Aberdeen, Maryland.  (*Id.* ¶¶ 8-10.)

The following events form the crux of Plaintiffs' complaint: Bear Tractor (a tractor manufacturing company) offered Plaintiffs "a distributorship wherein [they] would be able to set up dealers" for Bear Tractor in multiple states throughout the country.  (*Id.* ¶¶ 11-16.)  To facilitate the sale of these tractors, Plaintiffs met with an NBRS branch manager and assistant manager to negotiate "financing programs for commercial and residential customers . . . ."  (*Id.* ¶¶ 19-24.)  Specifically, Plaintiffs explained that NBRS would need to provide "Six Month and Twelve Month Same as Cash Financing and in-house same day credit reviews for Bear Tractor purchasers," and that it would be a "deal breaker" if these financial programs were unavailable.  (*Id.* ¶¶ 25, 27.)  The branch manager responded that "our President has told us to give you whatever you need," and assured Plaintiff "that the financial programs would be instituted when [Plaintiffs] were ready for them."  (*Id.* ¶¶ 26, 28.)  Upon NBRS's assurances, Plaintiffs purchased equipment from Bear Tractor.  (*Id.* ¶¶ 30-31, 33, 38-40.)

Plaintiffs' customers expressed interest in the new Bear equipment (*id.* ¶¶ 41-42), and so Plaintiffs returned to NBRS to set up the "promised financial programs" (*id.* ¶ 43).  However, to Plaintiffs' "complete surprise and utter horror, the bank refused to honor any of the promises related to Bear Tractor."  (*Id.* ¶ 44.)  Plaintiffs "now found [their] business with a crippling debt and no marketing plan other than to make cash sales, which is very difficult considering the average tractor purchase would range from $10,000 to $20,000."  (*Id.* ¶ 45.)  Without financing options, Plaintiffs were unable to sell their Bear Tractor inventory.  (*Id.* ¶¶ 52-54.)  And without making sales, Plaintiffs struggled to pay down their debts.

In the ensuing years, Plaintiffs experienced severe financial struggles and health problems, all borne out of NBRS's refusal to offer Same-as-Cash financing. (*Id.* ¶¶ 56-153.) The Court does not recount all of these alleged details here, because Plaintiffs' complaint is insufficient for one simple reason: it does not connect Plaintiffs' alleged injuries to the Movants.

## II. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

A plaintiff filing pro se is held to a "less stringent standard" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even a pro se complaint must meet a minimum threshold of plausibility. *See, e.g.*, *O'Neil v. Ponzi,* 394 F. App'x. 795, 796 (2d Cir. 2010).

*III. Analysis*

As a threshold matter, Mr. Lowe is admonished that he may only represent himself in matters before the Court. "Individuals who are parties in civil cases may only represent themselves." Local Rule 101.1(a) (D. Md. 2014). Thus, the response in opposition to the Movant's motion to dismiss (ECF No. 10) shall be construed as only representing Mr. Lowe's position. Moreover, "[a]ll parties other than individuals must be represented by counsel." *Id.* Lowe Services, Inc. is not represented by counsel, and therefore the Court will TERMINATE Lowe Services, Inc. as a party to this case.

Turning to the substance of the Complaint, Plaintiffs have failed to plead factual content that allows the court to draw the reasonable inference that *the Movants* are liable for the misconduct alleged. Critically, Plaintiffs' complaint does not reference Howard Bancorp, Jennifer Scully, or Stephen Bradley, not even once aside from the Complaint's caption. Instead, Plaintiffs' many allegations stem only from those actions taken, or not taken, by NBRS—a non-party. Plaintiffs have not connected NBRS's alleged actions to the Defendants' alleged liability.[3] Although the Court has strained to construe the Plaintiffs' pro se pleadings liberally, Plaintiffs have failed to raise a right to relief against the Movants beyond a speculative level.

For this reason, Plaintiffs' complaint fails to state a plausible claim for relief. Plaintiffs may, however, attempt to correct these failings by filing a motion for leave to amend their complaint. Whether to permit the Plaintiffs to file an amended complaint is a question that falls within the Court's discretion under Federal Rule of Civil Procedure 15(a). Based on the standard

---

[3] At most, the Court recognizes that "the FDIC entered into a purchase and assumption agreement with Howard Bank, Ellicott City, Maryland, to assume all of the deposits of NBRS Financial." (ECF No. 6-1 at 5-6 n.6.) But Plaintiffs do not plead that in doing so, Howard Bank assumed all of NBRS's liabilities. Mr. Lowe also includes additional factual allegations in his response brief. (ECF No. 10.) However, "[a] plaintiff may not cure the deficiencies of a complaint through subsequent briefing." *Mathis v. McDonough*, Civ. No. ELH-13-2597, at *3 n.10 (D. Md. June 19, 2015).

set out in that rule, the Court may or may not permit the complaint to be amended. To survive a motion to dismiss, an amended complaint must include enough detailed facts to give Defendants "fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555, 557. Plaintiffs' factual allegations in any proposed amended complaint must be organized around and in support of particular, discrete claims. Any amended complaint must separately explain what facts give rise to any claims Plaintiffs wish to assert.

## IV. Conclusion

Accordingly, an order will issue GRANTING the Movants' motion to dismiss (ECF No. 6).

DATED this 24th day of July, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge