**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **DONALD J. LOWE**, *et al.* | * |
| Plaintiffs | * |
| v. | CIVIL NO. JKB-14-4024 |
| **FDIC** **As Receiver for NBRS Financial**, *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM</u>**

Now pending before the Court is Plaintiff Donald J. Lowe's motion for leave to amend the complaint. (ECF No. 14.) Leave to file an amended complaint should be "freely give[n] where justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave, however, if: (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad faith; or (3) the new pleading would be futile (i.e., if it could not withstand a motion to dismiss). *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "Whenever a party files a motion requesting leave to file an amended pleading, the original of *the proposed amended pleading shall accompany the motion*." Local Rule 103.6(a) (emphasis added).[1]

Mr. Lowe's motion is not accompanied by his proposed amended pleading. Instead, his motion delivers a bare recitation of federal pleading requirements. Mr. Lowe avers that "[t]he

---

[1] Local Rules for the United States District Court for the District of Maryland are accessible on the Court's website: http://www.mdd.uscourts.gov/localrules/LocalRules.pdf

amended complaint shall provide enough detailed facts to give Defendants fair notice of what the claims are and the grounds upon which they rest," it will "separately explain what facts give rise to any claims asserted," and it will "provide corresponding law to support the assertions made." (ECF No. 14 at 1.)  In the complete absence of specific factual allegations that would cure the defects in Plaintiffs' complaint, Mr. Lowe's motion falls short of procedural requisites for obtaining leave to amend a complaint, Local Rule 103.6, and thus will be denied without prejudice.

Further, the Court previously ordered that Plaintiffs show cause why the case against Defendant FDIC should not be dismissed for failure to prosecute where Plaintiffs had failed to timely effect service of process.  (ECF No. 13.)  Mr. Lowe filed a response to the Court's order, claiming that the Court or the Clerk told Mr. Lowe "that Federal Agencies would be automatically served."  (ECF No. 14 at 2.)  However, the Court entered an order on January 29, 2015, notifying Plaintiffs that they "bear the responsibility for effecting service of process on Defendants."  (ECF No. 2.)  Mr. Lowe also contends that he has been in contact with an FDIC Claims Agent about this case, but such informal "discussions" do not qualify as service of process pursuant to Federal Rule of Civil Procedure 4.  Mr. Lowe has failed to show cause, and thus Plaintiffs' claims against Defendant FDIC will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 103.8.  *See also United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (recognizing a district court's "inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute").

Finally, Mr. Lowe's recent filing (ECF No. 14) was improperly mailed to the undersigned judge's chambers.  Any future filings should be delivered to the Clerk of the Court for docketing, not mailed directly to chambers.

Accordingly, an order will issue DENYING WITHOUT PREJUDICE Mr. Lowe's motion for leave to amend (ECF No. 14) and DISMISSING FOR FAILURE TO PROSECUTE Plaintiffs' claims against Defendant FDIC.

DATED this 14th day of August, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge